IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## GARY WAYNE GARRETT v. AVRIL CHAPMAN, WARDEN

**Circuit Court for Wayne County**
**No. 15210**

---

**No. M2013-00601-CCA-R3-HC - Filed November 25, 2013**

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, Gary Wayne Garrett, has appealed the Wayne County Circuit Court order dismissing his second petition for writ of habeas corpus in which Petitioner alleged that the trial court failed to order mandatory pre-trial jail credits. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Gary Wayne Garrett, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

Petitioner was convicted by a Davidson County jury of multiple offenses as charged in sixteen counts of an eighteen-count indictment. On direct appeal, this Court summarized Petitioner's convictions and sentences as follows:

Count 1-First degree burglary-8 years.

Count 2-Petit larceny-2 years.

Count 3-Aggravated rape-30 years.

Count 4-Aggravated rape-30 years.

Count 5-First degree burglary while in possession of a firearm-11 years.

Count 6-Aggravated rape-30 years.

Count 7-Aggravated rape-30 years.

Count 8-First degree burglary while in possession of a firearm-11 years.

Count 9-Assault with intent to commit rape while employing a firearm (6 years, plus 5 years for employing firearm)-11 years.

Count 10-First degree burglary-8 years.

Count 11-Rape-10 years.

Count 12-Rape-10 years.

Count 14-First degree burglary, while in possession of firearm-11 years.

Count 15-Aggravated rape-30 years.

Count 16-Aggravated rape-30 years.

Count 18-Attempt to commit a felony, to-wit: first degree burglary, while employing a firearm (3 years, plus 5 years for employing firearm-8 years.

*State v. Gary Wayne Garrett*, No. 86-274-III, 1988 WL 3625, at *1 (Tenn. Crim. App., at Nashville, Jan. 20, 1988), *perm. app. denied* (Tenn. April 4, 1988). He was sentenced to an effective sentence of 119 years. On direct appeal, this Court affirmed Petitioner's convictions. *Id.*

Thereafter, Petitioner filed a petition seeking post-conviction relief based upon a claim of ineffective assistance of counsel. This Court affirmed the post-conviction court's denial

2

of this request for relief. *Gary Wayne Garrett v. State*, No. 01C019202CR00058, 1992 WL 389657 (Tenn. Crim. App., at Nashville, Dec. 31, 1992), *perm. app. denied* (Tenn. June 7, 1993). Petitioner filed two other post-conviction petitions, both of which were denied as time-barred.

The Petitioner then filed a petition pursuant to the Post-Conviction DNA Analysis Act of 2001. *See Gary Wayne Garrett v. Cherry Lindamood*, No. M2010-02662-CCA-R3-HC, 2011 WL 6742704, at *1 (Tenn. Crim. App., at Nashville, Dec, 21, 2011), *perm. app. denied*, (Tenn. June 20, 2012). By order in accordance with Rule 20 of the Rules of the Court of Criminal Appeals, this Court affirmed the post-conviction court's dismissal of the petition based upon DNA analysis results that were unfavorable to the Petitioner. *Id.*

Subsequently, Petitioner filed, in Wayne County, his first habeas corpus petition. *Id.* In that petition, he challenged his 1986 convictions in Davidson County Criminal Court because of "facially defective indictments." Petitioner attached his indictments, judgments of conviction, and a copy of the trial transcript. The State filed a motion to dismiss because the indictments were not defective and the judgments were not void. The trial court dismissed the petition, finding that the Petitioner was not entitled to relief on the merits. This Court agreed. *Id.* at *4.

Petitioner next filed a petition seeking pre-trial jail credits in Davidson County Chancery Court. *Gary Wayne Garrett v. George Little*, No. M2008-01867-COA-R3-CV, 2009 WL 2432974, at *1 (Tenn. Ct. App., at Nashville, Aug. 7, 2009), *perm. app. denied*, (Tenn. Mar. 1, 2010). The Court of Appeals determined on appeal that the pretrial jail credits had been properly applied to his first sentence and properly omitted from his consecutive sentences, affirming the judgment of the trial court. *Id.* at *3.

Petitioner filed the second petition for habeas corpus relief at issue herein on June 27, 2012. In the petition, he complained that he did not properly receive mandatory pretrial jail credits. Specifically, Petitioner claims that he was entitled to jail credit for time spent in incarceration pending arraignment and trial on his concurrent sentences as required by Tennessee Code Annotated section 40-23-101(c), and the trial court failed to award these credits to his effective sentence of 119 years. The State filed a motion to dismiss. The habeas corpus court granted the motion without a hearing. Petitioner filed a timely notice of appeal.

*Habeas Corpus Relief*

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas

corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the

name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

In the case herein, Petitioner insists that the trial court failed to properly award pretrial jail credits. This Court has determined that the failure to award pretrial jail credit is a cognizable claim in a habeas corpus proceeding. *See Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). Tennessee Code Annotated section 40-23-101 provides, in pertinent part, as follows:

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.

*Id.* The award of pretrial jail credit lies strictly within the purview of the trial court rather than the Department of Correction. *Tucker*, 335 S.W.3d at 122.

As correctly pointed out by Petitioner, the trial court is statutorily required to credit a petitioner with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged conviction. *Id.* at 123. The failure of the trial court to credit a petitioner with the credits mandated under Tennessee Code Annotated section 40-23-

101(c) contravenes the requirements of that statute and, therefore, results in an illegal sentence, a historically cognizable basis for habeas corpus relief. *Id.*

In order to be successful on a claim that pretrial jail credits were improperly awarded, a petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. *Tucker*, 335 S.W.3d at 123. Additionally, to satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must attach to his petition sufficient documentation from the record to establish that he is, in fact, entitled to pretrial jail credit under Tennessee Code Annotated section 40-23-101, as indicated above, and that the trial court erroneously failed to award it. *See Summers*, 212 S.W.3d at 262; *Tucker*, 335 S.W.3d at 123-24.

The State initially asserts that Petitioner's claim should fail because Petitioner failed to attach a copy of his first petition for habeas corpus relief. While the State is correct in that the petition could be dismissed for failure to attach a previous petition for habeas corpus relief, a supplemental technical record was filed in the case herein that contained the original petition for habeas corpus relief.

However, nothing on the face of Petitioner's judgments reflects that his convictions are void or that his sentences are illegal. Most notably, the Court of Appeals has already determined that the trial court properly applied pretrial jail credits to his first sentence and correctly omitted the credits from his consecutive sentences. *See Gary Wayne Garrett*, 2009 WL 2432974, at *4. Additionally, it is not entirely clear from Petitioner's argument whether the pretrial jail credit he seeks is actual pretrial jail credit or time reduction credit that would be awarded by the Department of Correction. If Petitioner herein is seeking a calculation of time credit or sentence reduction credit, this is not a cognizable issue in a habeas corpus proceeding, but rather an issue that should be addressed through the procedure set forth in the Uniform Administrative Procedures Act. *See, e.g., David D. Cox v. State*, No. W2007-01591-CCA-R3-HC, 2008 WL 4831279, at *2 (Tenn. Crim. App., at Jackson, Nov. 5, 2008).

Lastly, Petitioner attaches no documentation to his petition other than the indictments and judgments of convictions. There is no further documentation showing Petitioner's entitlement to pretrial jail credits.

After a review of the record, we determine that Petitioner has failed to show by a preponderance of the evidence that he is entitled to habeas corpus relief because his sentence is void or his judgments have expired.

*Conclusion*

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the habeas corpus court.

_____
JERRY L. SMITH, JUDGE